915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas E. KITTRELL, Plaintiff-Appellant,
v.
Mr. YARBOROUGH, Mr. R. Warren, Mr. K. Smiley, Lumbert,
Officer/Employee, Defendants-Appellees.
 No. 90-1061.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. In his brief on appeal, he requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. This panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Thomas E. Kittrell claimed that defendants denied him constitutionally protected rights of due process and religious freedom. He further claimed that he was forced to file a grievance to protect his rights and that a rule restricting personal property was not properly promulgated. He sued defendants in their individual and official capacities. He sought monetary, declaratory and injunctive relief.
 
 
 3
 Upon review, we conclude that the complaint was properly dismissed. The restriction on personal property did not impermissibly infringe Kittrell's first amendment rights. See Thornburgh v. Abbott, 109 S.Ct. 1874, 1882-84 (1989). The grievance procedure represents in part the process to which Kittrell is entitled to redress an alleged deprivation of property. See, e.g., Parratt v. Taylor, 451 U.S. 527, 541 (1981). Additionally, his claim that a rule is not properly promulgated under state law does not present a federal question or constitutional issue. See Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985). Finally, contrary to Kittrell's assertions, he was not entitled to complete discovery prior to the court's entry of the order of dismissal. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989).
 
 
 4
 Accordingly, the request for appointment of counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.